UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
FRANKLIN HAMILTON, LLC,

                         Petitioner,

        -against-

CREATIVE INSURANCE UNDERWRITERS,
INC.,

                      Respondent.
-------------------------------------------------------------x

ECF CASE
Case No.08 CIV 7449 (JFK)

**MEMORANDUM OF LAW
IN SUPPORT OF PETITION FOR
<u>CONFIRMATION OF ARBITRATION AWARD</u>**

KAZLOW & KAZLOW
Attorneys for Plaintiff
237 West 35th Street, 14th Floor
New York, NY 10001
Tel.: (212) 947-2900
Fax: (212) 563-0629

Stuart L. Sanders, Esq.
*Of Counsel*

**<u>TABLE OF CONTENTS</u>**

Preliminary Statement                                                                 1

The Facts                                                                             1

Argument                                                                              3

    Point One: Petitioner is Entitled to the Confirmation of the Arbitrator's Award     3

Conclusion                                                                            6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
FRANKLIN HAMILTON, LLC,

                                            Petitioner,

            -against-

CREATIVE INSURANCE UNDERWRITERS,
INC.,

                                     Respondent.
---------------------------------------------------------------x

ECF CASE
Case No.08CIV7449 (JFK)

**MEMORANDUM OF LAW
IN SUPPORT OF PETITION FOR
<u>CONFIRMATION OF ARBITRATION AWARD</u>**

**<u>Preliminary Statement</u>**

      Petitioner, Franklin Hamilton, LLC, submits this Memorandum of Law in support of its Petition for an Order confirming an arbitration award issued on April 22, 2008 and directing the entry of a judgment upon that award.

**<u>The Facts</u>**

      The relevant facts are set forth in the accompanying Petition. In brief, petitioner, a New York registered limited liability company, with a principal place of business in Stamford, Connecticut, is in the business of introducing companies in the insurance brokerage industry for the purpose of mergers and acquisitions. On or about September 24, 2007, petitioner initiated an arbitration proceeding against respondent, a Florida corporation whose last known office place of business is located in Winter Park, Florida, in order to collect fees owed because petitioner introduced respondent to a company which purchased respondent's assets (Petition, pp. 1-2, pars. 1-3; Exhibit "B"). The arbitration  was commenced pursuant to a written arbitration clause in an agreement of the parties dated July 10, 2006 (Petition, p. 3, par. 5;  Exhibit "B," par. 7 and sub-

exhibit "A").  In particular, the arbitration clause provided that, "For any dispute arising out of this Agreement, both parties agree to use the American Arbitration Association, NYC office, for resolution, governed by the laws of the State of New York."

After respondent was served with copies of petitioner's Demand for Arbitration and Statement of Claim, respondent failed to serve an Answer ( Petition, pp. 2-3, pars. 5-6). Subsequently, on April 22, 2008, the arbitrator approved by the American Arbitration Association issued an Award which directed respondent to pay petitioner a total of $138,250.00, consisting of $132,500.00 in damages, plus $3,450.00 in attorney's fees and $2,300.00 in costs, with interest at the New York statutory rate of 9% per annum from April 30, 2007 (Petition, p. 3, par. 8 and Exhibit "A"). To date, however, respondent has failed to pay any part of the amount awarded to petitioner (Petition, p. 3, par. 9).

# ARGUMENT
## POINT ONE

### PETITIONER IS ENTITLED TO THE CONFIRMATION OF THE ARBITRATOR'S AWARD.

Petitioner is a New York limited liability company, and respondent, a Florida corporation, is petitioner's former customer. On July 10, 2006, petitioner and respondent entered into a written agreement pursuant to which Respondent retained Petitioner and granted it, for a six month term, "the non-exclusive right to actively seek a purchaser, raise debt, merger with a strategic partner or consummate a transaction" for Respondent. Paragraph 7 of the agreement provides that, "For any dispute arising out of this Agreement, both parties agree to use the American Arbitration Association, NYC office, for resolution, governed by the laws of the State of New York."

Unfortunately, in September 2007, it became necessary for petitioner to invoke the arbitration clause of the parties' agreement of July 10, 2006, because of respondent's non-payment of petitioner's fees. On April 22, 2008, the arbitrator appointed by the American Arbitration Association issued an Award granting petitioner a total of $138,250.00 in damages, attorney's fees, cost and disbursements, plus pre-award interest from April 30, 2007. Petitioner now seeks confirmation of that award, and the entry of a judgment based on it, pursuant to the law of the State of New York.[1]

---

[1] Petitioner's application is made under New York law, rather than under Section 9 of the Federal Arbitration Act (9 U.S.C. § 1, et seq.), because the arbitration clause of the parties' agreement does not contain an express consent to the entry of a judgment upon an arbitrator's award, which is a jurisdictional prerequisite for a confirmation application made pursuant to Section 9. See Varley v. Tarrytown Associates, Inc., 477 F.2d 208,210 (2d Cir. 1973). In the absence of such an express consent, the fact that respondent may be deemed to have consented to the entry of a judgment upon the arbitrator's Award pursuant to Rule R-48(c) of the American

3

In a case in which a federal district court's subject matter jurisdiction is based on the complete diversity of the citizenship of the parties, pursuant to 28 U.S.C. § 1332(a), the court is required to apply the law of the forum state. Erie Railroad Co. v. Tompkins, 304 U.S. 64,78-79, 58 S.Ct. 817,822-23, 82 L.Ed.1188 (1938). Thus, in a case in which subject matter jurisdiction is obtained due to the complete diversity of the citizenship of the parties, a federal district court sitting in New York may entertain a petition to confirm an arbitration award under New York C.P.L.R. § 7510. See The Home Insurance Co. v. RHA/Pennsylvania Nursing Homes, Inc., 113 F.Supp.2d 633,634-35 (S.D.N.Y. 2000).

New York C.P.L.R. § 7510 provides for the judicial confirmation of an arbitration award within one year from the date of the award. A court which is asked to confirm an arbitration award under Section 7510 is required to confirm the award, assuming that the arbitration was properly initiated pursuant to a written agreement providing for arbitration of the parties' dispute, without reviewing it for errors of law or fact. Graniteville Co. v. First National Trading Co., Inc., 179 A.D.2d 467,469, 578 N.Y.S.2d 183,185 (1st Dept. 1992).

---

Arbitration Association's Commercial Arbitration Rules and Mediation Procedures does not permit the Court to exercise subject matter jurisdiction under Section 9. Id. However, the unavailability of Section 9 in this case does not prevent the Court from confirming the arbitrator's award under New York law if subject matter jurisdiction may be exercised under 28 U.S.C. § 1332(a)(1) due to the complete diversity of the citizenship of the parties. See The Home Insurance Co. v. RHA/Pennsylvania Nursing Homes, Inc., infra. This is because New York C.P.L.R. § 7510, unlike Section 9 of the Federal Arbitration Act, does not require an express consent to the entry of a judgment upon an arbitrator's award as a prerequisite to confirmation. Id. To the contrary, New York's courts have long held that an express provision for the entry of judgment is not a prerequisite to the confirmation of an arbitration award. See e.g. Steinberg v. Goldstein, 116 N.Y.S.2d 6,8 (S.Ct., Bx. Co., 1952); In re Resolute Paper Products Corp., 160 Misc. 722,727, 290 N.Y.S. 87,92-93 (S.Ct., N.Y. Co., 1936).

4

In this case, the Court can exercise subject matter jurisdiction over petitioner's application for the confirmation of the arbitrator's award in its favor pursuant to 28 U.S.C. § 1332(a)(1). Petitioner, as a registered limited liability company, is a citizen, for diversity purposes, of the States in which it was incorporated and where it has its principal place of business, i.e the States of New York and Connecticut. Respondent, on the other hand, is a citizen of the State of Florida because it is a corporation formed under Florida law and maintained its last known principal place of business in Florida. 28 U.S.C. § 1332(c)(1). Furthermore, the amount of the arbitrator's award, i.e. $138,250.00, exceeds the jurisdictional minimum amount of $75,000.00 established by 28 U.S.C. § 1332(a) for diversity cases.

Thus, all of the requirements of diversity jurisdiction are met, and the Court can entertain petitioner's application for confirmation of the arbitrator's award pursuant to New York C.P.L.R. § 7510. See The Home Insurance Co. v. RHA/Pennsylvania Nursing Homes, Inc., supra. Upon doing so, the Court should grant the Petition because: a) the parties' written agreement provided for the arbitration of their dispute; b) respondent was duly served with petitioner's Demand for Arbitration and its Statement of Claim; c) respondent did not appear in the arbitration proceeding and did not serve an Answer to petitioner's Statement of Claim; and d) the arbitrator appointed by the American Arbitration Association issued his award after reviewing the documents submitted to him by Petitioner.

5

## CONCLUSION

**THE PETITION FOR CONFIRMATION OF THE ARBITRATOR'S AWARD SHOULD BE GRANTED, IN ALL RESPECTS, AND THE COURT SHOULD ENTER A JUDGMENT UPON THAT AWARD.**

Dated: New York, New York
         August 18, 2008

Respectfully submitted,

KAZLOW & KAZLOW
Attorneys for Petitioner


S/ Stuart  L Sanders
Stuart L. Sanders (SS-8690)
237 West 35th Street, 14th Floor
New York, New York 10001
Tel.: (212) 947-2900
Fax: (212) 563-0629


To:    Creative Insurance Underwriters, Inc.
       Respondent
       99 Wood Avenue South
       Iselin, New Jersey 08830

6