**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
FRANKLIN HAMILTON, LLC,              :

        Petitioner,         :     1:08-cv-7449 (JFK)

    -against-                   :     **Memorandum Opinion**
                                                                      **& Order**
CREATIVE INSURANCE UNDERWRITERS,     :
INC.,
                                     :
        Respondent.
------------------------------------X
**JOHN F. KEENAN, United States District Judge**:

      Before the Court is the unopposed petition of Franklin Hamilton, LLC ("Franklin Hamilton" or "Petitioner") for an order confirming an arbitration award issued in its favor and against respondent Creative Insurance Underwriters, Inc. ("Creative"). For the reasons stated below, the petition is dismissed without prejudice.

**Background**

      The underlying dispute arose from a July 10, 2006 agreement (the "Agreement") in which Creative, a Florida corporation, promised to pay Franklin Hamilton, a New York company with its principal place of business in Connecticut, a finder's fee if Franklin Hamilton found a company to purchase Creative or its assets. Pursuant to this Agreement, Franklin Hamilton introduced Creative to Appalachian Underwriters, Inc., ("Appalachian"), a Tennessee company that ultimately purchased the renewal rights of Creative's brokerage business. Upon the closing of this transaction, the Agreement obliged Creative to

pay Franklin Hamilton a finder's fee of $125,000, plus a 6% late charge if payment was not made within three days of the closing. Paragraph 7 of the Agreement contained an arbitration clause providing that "For any dispute arising out of this Agreement, both parties agree to use the American Arbitration Association, NYC office for resolution, governed by the State of New York." Significantly, the clause contains no provision consenting to the entry of judgment upon the arbitration award, nor does it state that the arbitrator's decision shall be final and binding.

On or about September 24, 2007, after Creative had failed to pay the fee, Franklin Hamilton commenced arbitration against Creative by serving and filing a demand for arbitration and statement of claim. Creative did not answer the statement of claim. On April 22, 2008, an arbitrator appointed by the American Arbitration Association ("AAA") awarded Franklin Hamilton $132,500, with interest running at the statutory New York rate of 9% per annum from April 30, 2007. The arbitrator also awarded Franklin Hamilton $3,450 for attorney's fees and $2,300 for costs, increasing the total award to $138,250, plus interest.

On August 22, 2008, Franklin Hamilton filed the instant petition for confirmation of the arbitrator's award. Creative has not responded to the petition.

**Discussion**

A petition to confirm an arbitration award and its accompanying record are treated like a motion for summary judgment and, when the respondent fails to answer, like an unopposed motion for summary judgment. Herrenknecht Corp. v. Best Road Boring, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007) (citing D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006). "[E]ven where one party altogether fails to respond to a motion to vacate or confirm an award . . . district courts should assess the merits of the record rather than entering a default judgment." Wizard v. Clipper Cruise Lines, No. 06 Civ. 2074 (GEL), 2007 WL 29232, at *2 (S.D.N.Y. Jan. 3, 2007).

There is no question that the contract at issue here is within the scope of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq. "The FAA applies when there is federal subject matter jurisdiction, i.e., diversity jurisdiction . . . and when the contract calling for arbitration evidenc[es] a transaction involving interstate commerce." Barbier v. Shearson Lehman Hutton Inc., 948 F.2d 117, 120 (2d Cir. 1991) (citing 9 U.S.C. § 2). Diversity jurisdiction exists in this case because the parties are organized and headquartered in different states, and the amount of the arbitral award, $138,250, exceeds the amount in controversy requirement. Pursuant to the Agreement, a New York

company brokered an asset purchase agreement between a Tennessee company and a Florida corporation. Such a contract clearly "evidences a transaction involving interstate commerce."

In Varley v. Tarrytown Associates, Inc., 477 F.2d 208, 210 (2d Cir.1973), the Second Circuit "held that for a federal court to have jurisdiction to confirm an arbitration award and enter judgment, it is not sufficient that the parties have merely agreed to settle their disputes by arbitration." Smiga v. Dean Witter Reynolds, Inc., 766 F.2d 698, 705 (2d Cir. 1985) (citing Varley). Rather, Section 9 of the FAA authorizes confirmation only "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award . . . ." 9 U.S.C. § 9. The requirement that the parties agree to the entry of judgment is jurisdictional. See Varley, 477 F.2d at 210; Smiga, 766 F.2d at 705; In re Arbitration Between Kaystar Tarim Urunleri Sanayi Ticaret Ltd. and Spring Tree Corp., No. 96 Civ. 9392 (LMM), 1997 WL 160639, at *4 (S.D.N.Y. Apr. 7, 1997).

In this case, Franklin Hamilton concedes that the Court lacks jurisdiction under the FAA to confirm the award. As in Varley, there is no express consent to the entry of judgment upon the award. Although the arbitration clause provides that disputes will be resolved using the AAA, Petitioner does not argue that the reference to the AAA is sufficient to incorporate that organization's rules regarding consent to the entry of

judgment. See St. Lawrence Explosives Corp. v. Worthy Bros. Pipeline Corp., 111 F.3d 124, 1997 WL 187332, at *1 (2d Cir. 1997) (unpublished opinion). Furthermore, Petitioner makes no argument that consent to the entry of judgment may be implied from the agreement or from the parties' conduct. See I/S Stavborg (O. H. Meling, Manager) v. National Metal Converters, Inc., 500 F.2d 424, 426-27 (2d Cir. 1974); Kallen v. District 1199, Nat. Union of Hospital and Health Care Emp., RWDSU, AFL-CIO, 574 F.2d 723, 726 (2d Cir. 1978).

Instead, Franklin Hamilton seeks confirmation under New York CPLR § 7510, which has been interpreted by New York courts to permit confirmation without an agreement for entry of judgment. According to Petitioner, a federal court sitting in diversity may entertain a petition to confirm an award under state arbitration law. This proposition finds inadequate support in the one case cited by Petitioner, The Home Ins. Co. v. RHA/Pennsylvania Nursing Homes, Inc., 113 F. Supp. 2d 633, 634-35 (S.D.N.Y. 2000). In that decision, the district court relied on Varley to hold that the FAA did not permit confirmation of the arbitration award because, as here, the agreement to arbitrate did not provide for entry of judgment. Id. at 634. The court stated in dicta that the petition "might be amended" to state a claim for confirmation under New York law. Id. at 635. It noted, however, that the parties had not addressed whether the FAA

preempted confirmation under the New York statute. Id. at 634-35. Therefore, the court dismissed the petition with leave to amend. Id. at 635. In a subsequent opinion, the court reversed its initial decision and held that the FAA permitted confirmation because the parties' consent to the entry of final judgment was implicit. <u>The Home Insurance Company v. RHA/Pennsylvania Nursing Homes, Inc.</u>, 127 F. Supp. 2d 482 (S.D.N.Y. 2001) (citing <u>I/S Stavborg</u>, 500 F.2d at 426-27 and <u>Kallen</u>, 574 F.2d at 726). The district court therefore did not consider whether it had jurisdiction to confirm the award under the New York statute.

Petitioner has not cited a single case holding that the New York statute confers jurisdiction on a federal court, sitting in diversity, to confirm an arbitration award that could not be confirmed under the FAA. By its terms, the New York statute "confers jurisdiction on the <u>courts of the state</u> to enforce [the arbitration agreement] and to enter judgment on an award." N.Y. CPLR § 7501 (emphasis added); <u>see also</u> <u>Harris v. Stroudsburg Fur Dressing Corp.</u>, 389 F. Supp. 226, 228 (S.D.N.Y. 1975) (holding that "[i]t was improvident to remove these proceedings from a [New York] state court which had unquestioned jurisdiction to grant [confirmation of the award], to a federal court which under <u>Varley</u>, <u>supra</u>, lacked jurisdiction to reach the merits, a fact respondent concedes, and indeed, asserts affirmatively."). As Petitioner has not even attempted to

address this jurisdictional issue, it has not met its burden to show that its unopposed petition should be granted. Accordingly, the petition is DISMISSED without prejudice and with leave to amend.

SO ORDERED.

Dated:    New York, New York
          November 6, 2008

                              _____
                                      JOHN F. KEENAN
                              United States District Judge